1
2
3
4
5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

6

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 24-CR-312 |
| | ) | |
| | ) | REPLY MEMORANDUM IN SUPPORT OF |
| v. | ) | MOTION TO SUPRESS EVIDENCE |
| | ) | |
| ANTHONY CURCIO | ) | |
| | ) | [CLERK'S ACTION REQUIRED] |
| Defendant. | ) | |

## I.    MR. CURCIO HAS STANDING

### A.    *The Affidavit of SA Campbell Swore the Targeted Residence was Curcio's residence.*

The Government argues in its responsive pleadings that Mr. Curcio does not have standing to challenge the search of the residence at 11512 158th Avenue NE, Redmond, WA 98052. But the defense submitted an exhibit with its motion that clearly establishes that Mr. Curcio "had a legally cognizable privacy interest in the searched premises at the time of the search."

The affidavit of Special Agent Campbell, made as part of his application for a warrant to search Mr. Curcio's residence, was filed as an exhibit in support of the Defendant's Motion to Suppress Physical Evidence. ECR 32. In that affidavit, SA Campbell states, under oath that:

KRADEL DEFENSE PLLC
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
jeff@kradeldefense.com

1
2
3
4
5
6

> *Based on records produced to law enforcement pursuant to grand jury subpoenas served upon phone companies and financial institutions, my discussions with other law enforcement agents, my training and experience, and my participation in this investigation, I have learned that the SUBJECT PREMISES are listed as Target Subject-1's address on Target Subject-1's driver's license and bank records. Target Subject-1 lives with his wife and two children at the SUBJECT PREMISES. Surveillance was conducted on the SUBJECT PREMISES on multiple days in May 2024. As recently as May 21, 2024, the Target Subject-1 was viewed at the SUBJECT PREMISES.*

7
8

This affidavit alone is sufficient to establish Mr. Curcio's possessory and privacy interests in the residence searched.

9
10

### B.  Mr. Curcio's Affidavit Also Establishes Standing.

11
12
13

An affidavit from Mr. Curcio is attached as Appendix A to this reply brief.  It also establishes that Mr. Curcio had a possessory and privacy interest in the residence searched and the items seized.

14
15
16

## II.    THE AFFIDAVIT DOES NOT ESTABLISH PROBABLE CAUSE.

17
18

### A. *The Affidavit is Devoid of the Most Basic Information Regarding the Source of Information and any Source's Basis of Knowledge.*

19
20
21
22
23

The Government's response fails to address the most fundamental problem with SA Campbell's affidavit – it is devoid of any description of the source of facts it alleges, or how any source acquired the knowledge of the facts asserted.  The problem is not just the multiple-choice listing of the sources, it is the absence of any description as to how even SA Campbell had a "basis of knowledge" for conclusory claims about Mr. Curcio.  The fact that

24
25

1   some of those claims are just demonstrably false may provide a clue as to why no sourcing

2   is provided.

3        The Government argues that the defense is reading the affidavit in a "hyper

4   technical" manner "unsupported by law or reason." Government Response, p. 26. This, like

5   most of the Government's argument on the deficiencies of the affidavit, is heavy on

6   hyperbole and lacking in any meaningful response to the very basic failures of the affidavit.

7        The Government response does not identify which among the source options applies

8   to any specific factual assertion in the affidavit. It appears to be the Government's position

9   that a search warrant affidavit need only identify *potential* sources of information and no

10  description as to how those sources obtained the information or why it is credible. The

11  argument about Paragraph 8 of the affidavit provides an example.

12       Paragraph 8 of the search warrant affidavit contains a conclusory allegation that Mr.

13  Curcio ordered items from an "online marketplace" and that the items ordered are "needed

14  to create forged card cases and labels." ECR 32, appendix A. The source of the claim that

15  these items were ordered is:

16

17            *Based on purchase records produced to law enforcement pursuant to a*
             *grand jury subpoena served upon an online marketplace, my discussions*
18            *with other law enforcement agents, my training and experience, and my*
             *participation in this investigation.*
19

20  The "online marketplace" is not identified or described in any way that would allow

21  the magistrate to evaluate the efficacy of their "purchase records." The "discussions

22  with other law enforcement agents" does not identify who the agents are, or what was

23  discussed. And SA Campbell's "participation in this investigation", insofar as this

24  claim is concerned, is not described at all. This is not "hyper technical" analysis, it is

25

REPLY MEMORANDUM IN SUPPORT OF
MOTION TO SUPPRESS EVIDENCE
- 3

**KRADEL DEFENSE PLLC**
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
jeff@kradeldefense.com

the most rudimentary foundation for a magistrate to be able to evaluate the claims made. But that is only one of the problems with paragraph 8.

Paragraph 8 does not just describe items claimed to have been ordered by Mr. Curcio, it characterizes them as being "needed to create forged cases and labels." This claim is made without any description of the how such items could have been used "to create forged cases and labels" nor is there any information that would allow the magistrate to conclude that such tools could have been used in any way in furtherance of the crime under investigation.

This pattern is repeated throughout the affidavit. The agent lists multiple sources of information and then does not identify them or why they are reliable. The agent uses vague generalizations like "my participation in this investigation" without any description of what that means, or how it provides a basis to believe the asserted fact is true. The New Jersey Card Show claims provides another good example.

In paragraph 9, SA Campbell sets forth his source information, this time replacing "online marketplace" records with "flight records obtained by law enforcement through a database search" and then repeating as other sources "my discussions with other law enforcement agents, my training and experience, and my participation in this investigation." From this he asks the magistrate to conclude that Mr. Curcio flew to New Jersey, attended a card show, and was removed from the card show for trying to sell fraudulent items. The falsity of the card show claim will be

REPLY MEMORANDUM IN SUPPORT OF
MOTION TO SUPPRESS EVIDENCE
- 4

**KRADEL DEFENSE PLLC**
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
jeff@kradeldefense.com

litigated in the *Franks* motion, but on its face the information provided is grossly insufficient.

Given the pervasive nature of information stored (and created) in various digital storage locations, a general reference to a "database" without any identifying information about what that database is, who created in, and why its records are reliable, provides the magistrate with no basis to evaluate the accuracy or reliability of the data – in this case the claim Mr. Curcio flew to New Jersey. As for the claim of what happened at the card show, the affidavit provides no information as to who related the claim, how they obtained the information, or why they are a reliable source.

### B. The Government Argument Ignores the Content of the Affidavit and the Requirements of Probable Cause.

The Government contends the defense is demanding "granular detail" in the affidavit. It is not. What the *constitution* demands is that searches of a residence be undertaken only under the authority of a warrant, and that a magistrate issuing such a warrant be provided with facts, not just conclusions, and with information about where the facts were obtained and why they are reliable. *See Illinois v. Gates*, 462 U.S. 213, 239, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) (the "totality of circumstances" must present the magistrate with "[s]ufficient information ... to allow that official" to make the necessary determinations; "his action cannot be a mere ratification of the bare conclusions of others.").

What the Government urges here is a "ratification of the conclusions of others" but without even identifying who the "others" might be or telling us anything about the

REPLY MEMORANDUM IN SUPPORT OF
MOTION TO SUPPRESS EVIDENCE
- 5

**KRADEL DEFENSE PLLC**
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
jeff@kradeldefense.com

underpinnings of the conclusions.  The Government casts as "hyper technical analysis" engaging in a very basic evaluation of the affidavit under legal precedent that has been in place for decades.

The Government confuses the concept of a "commonsense reading" of an affidavit with just accepting anything the affiant sets forth, regardless of the paucity of information to allow the magistrate to evaluate the "totality of the circumstances." That totality analysis requires, even for something the affiant asserts to have personal knowledge about, a description of *how* the affiant gained that knowledge, and *why* it supports the conclusion the affiant is making.   This affidavit contains neither on any allegation nor about any source – while also failing to ever specify an actual source.

It is of note that the Government has not cited any legal precedent for the contention that a search warrant affidavit can list multiple possible sources of information, provide no information about what any one source provided, and no information about how the source obtained the information, and yet still survive a totality of the circumstances analysis.  That is because there is no such precedent, and the affidavit submitted in this case fails the most basic requirements to establish probable cause for the issuance of the search warrant for Mr. Curcio's residence.

### C. Probable Cause to Believe Evidence Was Inside the Redmond Residence Was Stale.

The Government strains in its response to identify some event close in time to May 23, 2024, to address the staleness problem with the information in SA Campbell's affidavit. They identify three events from the affidavit to support the argument – the mailing of a card to the address in September of 2023, the claim of fraudulent card selling activity in April 2024

REPLY MEMORANDUM IN SUPPORT OF
MOTION TO SUPPRESS EVIDENCE
- 6

**KRADEL DEFENSE PLLC**
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
jeff@kradeldefense.com

at a card show, and the shipping of drill bits to the residence between in February 2024. All these factual claims suffer from the absence of any information in the affidavit about who provided the claimed information or how the information was acquired. But even setting aside that fundamental problem, the Government's argument cannot overcome the staleness issue.

There is nothing in the affidavit about "drill bits used for engraving" playing any role in the claimed fraudulent scheme being investigated. The other items ordered – what the Government calls "forgery tools" – also are not described as having been employed as part of the alleged scheme. In addition, the affidavit does not describe when any of them were ordered with specificity – beyond the drill bits in February 2024. Probable cause to search the residence in May of 2024 is not supported by the "drill bits" order – even if there was information to allow the magistrate to credit that claim.

The claim of a card being mailed to the address eight months prior to the search warrant application does not solve the staleness problem either. The affidavit does not provide any factual basis to believe the card would still be at the address to which it was mailed. This is also of little value given the complete absence of any factual basis for the claim that someone was "a victim" – the affidavit just states that someone was a victim, with nothing about how they were victimized, who they are, and how this claimed victimization was communicated to investigators or discovered. It's a conclusory allegation with no support.

That the Government relies upon the card show story form April of 2024 – and continues to repeat a description of it that is known to be false – has its own concerns. But in this context, we again have SA Campbell offering a claimed fact – that Curcio was at a card

**KRADEL DEFENSE PLLC**
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
jeff@kradeldefense.com

show in April 2024 and was "removed from the show for having fraudulent cards" – with no description of the source of this claim.  It cannot be used to establish some fraudulent activity closer in time to May 23, 2024, because the complete absence of information renders it useless in the probable cause determination as to any part of the probable cause analysis, including staleness.

**III.    CONCLUSION**

The search of Mr. Curcio's residence on May 23, 2024, was performed pursuant to a search warrant that was issued in the absence of probable cause to believe a crime had been committed and that evidence could be found in the residence.  The affidavit in support of the search warrant presented no basis to evaluate the totality of the circumstances underpinning the conclusory claims if the affiant.  Any evidence gathered during the searchmust be suppressed.

I certify that this memorandum contains 2013 words in compliance with local criminal rules.

Dated this 25th day of March 2025.

Respectfully submitted,

s/Jeffrey L. Kradel
WSBA No. 26767
1455 NW Leary Way, Suite 400
Seattle WA 98107
206/397-3102 voice
206/922-5547 facsimile
jeff@kradeldefense.com

REPLY MEMORANDUM IN SUPPORT OF
MOTION TO SUPPRESS EVIDENCE
- 8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 24, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

AUSA Kingdar Prussein and AUSA David Felton

U.S. Attorney's Office for Southern District of New York

<u>/s Jeffrey Kradel</u>

REPLY MEMORANDUM IN SUPPORT OF
MOTION TO SUPPRESS EVIDENCE
- 9

**KRADEL DEFENSE PLLC**
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
jeff@kradeldefense.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | No. 24-CR-312 |
| Plaintiff, ) | |
| ) | DECLARATION OF ANTHONY CURCIO |
| v. ) | IN SUPPORT OF DEFENSE MOTION TIO |
| ) | SUPPRESS EVIDENCE |
| ANTHONY CURCIO ) | |
| ) | |
| Defendant. ) | [CLERK'S ACTION REQUIRED] |

---

**DECLARATION OF ANTHONY CURCIO**

1. I am over the age of 18 and of sound mind;

2. On May 23, 2024, I owned the residence at 11512 158th Avenue NE, Redmond, WA 98052, along with my then wife, Emily Curcio. I had a key to that residence and many personal and private items, including clothes, and financial records, stored inside the residence.

3. I have reviewed the Government's Response to Defendant's Pretrial Motions (ECF 34) and the photographs on page 12 and 13 of that pleading depict rooms inside of the residence at 11512 158th Avenue NE, Redmond, WA 98052 in areas where I did not expect strangers to enter, remain, or observe.

DECLARATION OF ANTHONY CURCIO - 1

**KRADEL DEFENSE PLLC**
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
jeff@kradeldefense.com

4.  On May 23, 2024, I did not consent to the entry into that residence by federal

agents or anyone else;

I certify under penalty of perjury the foregoing is true and correct to the best of my

knowledge.

Subscribed and sworn this 24ᵗʰ day of March, 2025.


Anthony Curcio

DECLARATION OF ANTHONY CURCIO
- 2