# Simpson Thacher & Bartlett LLP

425 LEXINGTON AVENUE
NEW YORK, NY 10017-3954

---

TELEPHONE: +1-212-455-2000
FACSIMILE: +1-212-455-2502

| | |
|---|---|
| Direct Dial Number | E-mail Address |
| +1-212-455-2542 | martin.bell@stblaw.com |

December 5, 2025

VIA EMAIL AND ECF

The Honorable Ronnie Abrams
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

Re: *United States* v. *Anthony Curcio*,
24 Cr. 312 (RA)

Dear Judge Abrams:

We represent Anthony Curcio in the above-captioned matter, trial of which will commence on January 12, 2026. We understand pretrial filings to be due to the Court on December 11, 2025 – next week Thursday.

We seek leave to file submissions partially under seal in instances where making evidentiary arguments would tend to reveal defense strategy to the Government. In our recent communications with the Government, we have come to confirm that there are aspects of our planned defenses of which they are not yet aware. This is as it should be, and we seek to take further measures that would avoid prematurely revealing our strategy to the Government.

We anticipate that the coming filings will include arguments regarding various *in limine* evidentiary issues, disputes which should rightly be resolved to the extent possible ahead of trial in order to best use the time of both the jury and the parties. Teeing up some of these disputes may tend to reveal strategic items not yet known to the Government. We'd therefore welcome the opportunity to submit arguments regarding the relevance of certain items partially under seal where failing to do so would tend to reveal trial strategy, particularly where the Government still has the opportunity – albeit an imperfect one – to argue the other side of the issue.

Our request finds analogous support in the process for trial subpoena approval enshrined in Rule 17(c), which allows defendants to set forth the basis for their requests for trial subpoenas, including the probative value of their testimony. *See*, *e.g.* *United States* v. *Ho Wan Kwok*, 2024 U.S. Dist. LEXIS 72716, *2 n.1 (S.D.N.Y) April 2, 2024 ("The Court

Simpson Thacher & Bartlett LLP

The Honorable Ronnie Abrams     -2-     December 5, 2025

may adjudicate Rule 17(c) requests *ex parte* to avoid prematurely disclosing a defendant's trial strategy.") (*citing United States* v. *Reyes*, 162 F.R.D. 468, 470 (S.D.N.Y. 1995)).

    We pledge not to abuse this system, but the Court could always, at its discretion, decline to hold under seal a communication unworthy of the concern ostensibly being protected.

    We, as always, thank the Court.

Respectfully submitted,

*/s/ Martin Bell*
Martin Bell
Meredith Karp
Patrick Barry
Nicolas Lussier
Wendy Wu

Application denied, for the reasons stated by the government in its letter of December 8, 2025.  The defendant has provided no authority for what the Court understands to be a request for an admittedly "imperfect" system in which the defendant would have blanket approval to submit all evidentiary objections *ex parte*.  Nor has the defendant provided any factual justification for any specific *ex parte* application.

SO ORDERED.

*[signature]*

Hon. Ronnie Abrams
December 10, 2025