UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                Plaintiff,

        - v. -                          24-cr-312-RA

ANTHONY CURCIO,

                Defendant.

**<u>DEFENDANT ANTHONY CURCIO'S REQUESTS TO CHARGE</u>**

## **<u>Introduction</u>**

Defendant Anthony Curcio respectfully submits these joint requests to charge, pursuant to Rule 30 of the Federal Rules of Criminal Procedure.  Mr. Curcio respectfully reserves the right to make supplemental requests to charge based on the evidence and arguments offered at trial.

**Request No. 1:**        **General Requests**

Mr. Curcio respectfully requests that the Court give its usual instructions to the jury on the following matters:

A.      Function of the court and jury;
B.      The indictment is not evidence;
C.      Statements of court and counsel are not evidence;
D.      The Government bears the burden of proof, and the defendant must be afforded the presumption of innocence;
E.      Reasonable doubt;
F.      The Government ought to be treated like any other party;
G.      Definitions, explanations, and examples of direct and circumstantial evidence;
H.      Inferences;
I.      Credibility of witnesses;
J.      Right to see exhibits and have testimony read during deliberations;
K.      Verdict of guilt or innocence must be unanimous;
L.      Jury's recollection governs;
M.      Note-taking by jurors;
N.      Duty to base verdict on evidence;
O.      Improper considerations;
P.      Motions, objections, and questions by the court;
Q.      Duty to weigh evidence without prejudice;
R.      Interest in outcome;
S.      Law enforcement witnesses and Government employee witnesses [if applicable];
T.      Expert witnesses [if applicable];
U.      Defendant's testimony [requested if Mr. Curcio does testify];
V.      Defendant's testimony [requested if Mr. Curcio does not testify]
W.      Character testimony [if applicable];
X.      Preparation of witnesses [if applicable];
Y.      Uncalled witnesses were equally available to both sides;
Z.      Similar acts evidence [if applicable];
AA.      Use of audio recordings [if applicable];
BB.      Use of evidence obtained pursuant to searches;
CC.      Persons not on trial;
DD.      Evidence with limited purposes [if applicable];
EE.      Stipulations [if applicable];
FF.      Charts and summary exhibits admitted as evidence [if applicable];
GG.      Charts and summary exhibits not admitted as evidence [if applicable];
HH.      Redactions and excerpts; and
II.      Statements of Mr. Curcio or Mr. Bondarchuk.

**Request No. 2:**          **The Indictment**

The defendant, Anthony Curcio, is formally charged in an Indictment.  As I instructed you at the outset of this case, the Indictment is a charge or accusation.  It is not evidence.  I will not read the entire Indictment to you at this time.  Rather, I will first summarize the offenses charged in the Indictment and then explain in detail the elements of those offenses.

**Request No. 3:          Summary of Indictment**

The Indictment contains a total of two counts, or charges.

Count One charges Anthony Curcio with conspiring to commit wire fraud from at least in or about 2022 through at least in or about May 2024.

Count Two charges Anthony Curcio with the substantive crime of wire fraud, from at least in or about 2022 through at least in or about May 2024.

Before I describe the specific elements of the alleged offense, I should draw your attention to the fact that it does not matter if the Indictment charges that a specific act occurred on or about a certain date, and the evidence indicates that, in fact, it was on another date. The law only requires a substantial similarity between the dates alleged in the Indictment and the dates established by the evidence.

Adapted from Jury Charge of the Hon. Michael B. Mukasey in *United States v. Bello*, No. 91-cr-571 (MBM), *aff'd mem.*, 990 F.2d 622 (2d Cir. 1993), and Sand *et al.*, *Modern Federal Jury Instructions*, Instruction 3-6.

**Request No. 4:**          **Use of the Conjunctive in the Indictment**

You will note that the word "and" is used between charging words in the Indictment.  For example, Count One charges that the defendant "knowingly having devised *and* intending to devise a scheme *and* artifice to defraud, *and* for obtaining money and property by means of materially false *and* fraudulent pretenses, representations, *and* promises, transmitted *and* caused to be transmitted by means of wire, radio, *and* television communication in interstate *and* foreign commerce, writings, signs, signals, pictures, *and* sounds, for the purpose of executing such scheme *and* artifice."  You should treat the conjunctive "and" as it appears in the Indictment as being a disjunctive "or."  Thus, it is enough, for example, that the evidence shows that the defendant knowingly having devised <u>or</u> intending to devise a scheme <u>or</u> artifice to defraud <u>or</u> for obtaining money <u>or</u> property by means of materially false <u>or</u> fraudulent pretense, <u>or</u> representation, <u>or</u> promises, transmitted <u>or</u> caused to be transmitted by means of wire, radio, <u>or</u> television communication in interstate <u>or</u> foreign commerce, writings, signs, signals, pictures, <u>or</u> sounds, for the purpose of executing such scheme <u>or</u> artifice.

**Request No. 5:**         **Multiple Counts**

It is your duty to give separate and personal consideration to each count charging the defendant.  When you do so, you should analyze what the evidence in the case shows with respect to that count.

The fact that you return a verdict of guilty or not guilty with respect to one count should not, in any way, affect your verdict regarding any other count.

Adapted from 1A Fed. Jury Prac. & Instr. § 12:14 (7th ed.) (citing *United States v. DiLapi*, 651 F.2d 140, 146 (2d Cir. 1981)).

**Request No. 6:**          **Count One: Conspiracy to Commit Wire Fraud – Summary**

Count One charges the defendant, Anthony Curcio, with Conspiracy to Commit Wire Fraud.  The Government alleges that in or about 2022 through at least in or about May 2024, in violation of Title 18, United States Code, Section 1349, the defendant willfully and knowingly combined, conspired, confederated, and agreed with others to commit wire fraud.

A conspiracy is a kind of criminal partnership.  The crime of conspiracy to violate a federal law is an independent offense.  It is separate and distinct from the actual violation of any specific federal laws, which the law refers to as "substantive crimes."

For example, in this case, the Indictment charges that the objective of the conspiracy was to commit wire fraud.  A conspiracy to commit wire fraud is an entirely distinct and separate offense from the actual commission of wire fraud.  If a conspiracy exists, even if it should fail in its purpose, it is still punishable as a crime.

I will now instruct you on the elements of conspiracy.

Adapted from *Modern Federal Jury Instructions*, Instr. 19-2.

**Request No. 7:**            **Count One: Elements of Conspiracy**

In order to satisfy its burden of proof with respect to the allegation of conspiracy, the Government must prove beyond a reasonable doubt the following two elements:

*First*, that the conspiracy charged in the Indictment existed; that is, that there was an agreement or understanding to commit a federal crime.

*Second*, that the defendant knowingly became a member of that conspiracy.

Now let us separately consider the two elements: first, the existence of the conspiracy, and second, whether the defendant knowingly associated himself with and participated in the conspiracy.

Adapted from the charge given by the Honorable John F. Keenan in *United States v. Rasheen Jordan*, No. 03-cr-399 (JFK) (2004), and Pattern Crim. Jury Instr. 62 (1988), Pattern Crim. Jury Instr. 62 (1988); *see also United States v. Svoboda*, 347 F.3d 471, 476-77 (2d Cir. 2003) (discussing three elements of conspiracy).

**Request No. 8:          Count One: Existence of the Conspiracy**

The first element of the crime of conspiracy is the existence of an agreement.  The Government must prove beyond a reasonable doubt that two or more persons knowingly and intentionally arrived at a mutual understanding or agreement, either spoken or unspoken, to work together to achieve the overall object of the conspiracy.  The object of a conspiracy is the illegal goal that the co-conspirators agreed, or hoped, to achieve.  The Indictment here charges that the conspiracy alleged in Count One had as its object the commission of wire fraud.  I will explain the law regarding wire fraud later in my instructions.

If, however, you find that the conspirators were acting together for some other purpose, even for a separate criminal purpose, the Government would not have satisfied the first element, and you would need to find Mr. Curcio not guilty of Count One.

In order for the Government to satisfy this element, you need not find that the alleged members of the conspiracy met together and entered into any express or formal agreement. Similarly, you need not find that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, or every precise detail of the scheme or the means by which its object or purpose was to be accomplished.  What the Government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people to cooperate with each other to accomplish an unlawful act.

If you find that the co-conspirators agreed to accomplish the objective charged in the Indictment—that is, the commission of wire fraud—the illegal purpose element will be satisfied.

Let me caution you: there are no one-man conspiracies.  The crime of conspiracy has not been committed unless one conspires with at least one true co-conspirator.

You may, of course, find that the existence of an agreement to disobey or disregard the law has been established by direct proof.  However, since conspiracy is, by its very nature, characterized by secrecy, you may also infer its existence from the circumstances of this case and the conduct of the parties involved.  In a very real sense, then, in the context of conspiracy cases, actions often speak louder than words.  In this regard, you may, in determining whether an agreement existed here, consider the actions and statements of all of those you find to be participants as proof that a common design existed on the part of the persons charged to act together to accomplish an unlawful purpose.

Adapted from 2 Fed. Jury Prac. & Instr. § 31:04 (6th ed.).

**Request No. 9:**          **Count One: Membership in the Conspiracy**

If you conclude that the Government has proven beyond a reasonable doubt that the conspiracy charged in the Indictment existed, you must next determine the second question, which is whether the defendant knowingly and willfully became a member of the conspiracy. Thus, if you are satisfied that the conspiracy charged in the Indictment existed, you must next ask yourselves whether the defendant was a member of that conspiracy—that is, whether the defendant participated in the conspiracy with knowledge of its unlawful purpose and in furtherance of its unlawful objective.

The Government must prove beyond a reasonable doubt that the defendant willfully and knowingly entered into the conspiracy with a criminal intent, that is, with a purpose to violate the law, and that he agreed to take part in the conspiracy with knowledge of its unlawful purpose and with the specific intention of furthering its objective.

Merely associating with others and discussing common goals, mere similarity of conduct between or among such persons, merely being present at the place where a crime takes place or is discussed, or even knowing about criminal conduct does not, of itself, make someone a member of the conspiracy or a conspirator.

It is important for you to note that the defendant's participation in the conspiracy must be established by independent evidence of his own acts or statements, as well as those of the other alleged co-conspirators, and the reasonable inferences that may be drawn from them.

Now, let me define for you the terms "willfully" and "knowingly."

Adapted from 2 Fed. Jury Prac. & Instr. § 31:05 (6th ed.); Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 19-6.

**Request No. 10:**  **"Willfully" and "Knowingly," Defined**

"Willfully" means to act knowingly and purposely, with an intent to do something the law forbids—that is to say, with a bad purpose either to disobey or disregard the law.

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

Now, science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking. Moreover, it would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with an unlawful intent. However, you have before you the evidence of certain acts, conversations, and statements alleged to involve the defendant and others. The ultimate facts of knowledge and criminal intent, though subjective, may be established by words and conduct, and all the surrounding circumstances, as well as the rational or logical inferences that may be drawn from words and conduct within those circumstances. It is for you to determine whether the Government has established beyond a reasonable doubt such knowledge and intent on the part of the defendant.

It is not necessary that the defendant be fully informed as to all the details of the conspiracy in order to justify an inference of knowledge on his part. To have guilty knowledge, the defendant need not have known the full extent of the conspiracy or all of its activities or all of its participants. It is not even necessary that the defendant know every other member of the conspiracy. In fact, the defendant may know only one other member of the conspiracy and still be a co-conspirator.

Nor is it necessary that the defendant received any monetary benefit from participating in a conspiracy, or that he had a financial stake in the outcome, so long as he, in fact, participated in the conspiracy in the manner I have explained. The duration and extent of the defendant's participation has no bearing on the issue of the defendant's guilt. A co-conspirator's liability is

not measured by the extent or duration of his participation. Indeed, each member of the conspiracy may perform separate and distinct acts and may perform them at different times. Some co-conspirators may play major roles while others play minor roles in the scheme. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw the defendant within the ambit of the conspiracy.

However, I want to caution you again that mere association of one person with another does not make that person a member of a conspiracy, even when coupled with knowledge that a conspiracy is taking place. In other words, knowledge without participation is not sufficient. What is necessary is that the defendant has participated in the conspiracy with the knowledge of its unlawful purpose and with an intent to aid in the accomplishment of its unlawful objective.

Now, although mere association with co-conspirators is not enough, it is a fact that you may consider, among others, to determine whether the defendant was a member of the conspiracy. The defendant's association may establish his membership in a conspiracy if all of the circumstances considered together show that his association was meant to advance the goal of the conspiracy. He must not only have associated, but he must also have known about the conspiracy, and he must have intended by his association to participate in the conspiracy or to help it succeed. In other words, association itself may demonstrate membership in a conspiracy only if that association is as a functional part of the conspiracy. In sum, the defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised, or assisted in it with the purpose of furthering an illegal undertaking. The defendant thereby becomes a knowing and willing participant in the unlawful agreement—that is to say, a co-conspirator.

A conspiracy, once formed, is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by its members. So, too, once a

person is found to be a member of a conspiracy, that person is presumed to continue to be a member in the venture until the venture is terminated, unless it is shown by some affirmative proof that the person withdrew and disassociated himself from it.

Adapted from Hon. Richard M. Berman, Jury Charge, *United States v. Washington*, No. 09-cr-801 (S.D.N.Y. 2010); Hon. Lewis A. Kaplan, Jury Charge, *United States v. Datta*, No. 11-cr-102 (S.D.N.Y. 2011); Hon. Denny Chin, Jury Charge, *United States v. Tong Sun Park*, No. 05-cr-59 (S.D.N.Y. 2006); and Sand *et al.*, *Modern Federal Jury Instr.*, Instr. 19-6.

**Request No. 11:        Venue**

In addition to the elements of conspiracy that I have discussed, you must also consider the issue of venue, namely, whether an act in furtherance of the conspiracy occurred within the Southern District of New York.  I instruct you that the Southern District of New York includes Manhattan.

As to the conspiracy charged in Count One, it is sufficient to find venue in the Southern District of New York if you find that Mr. Curcio or a co-conspirator committed any act in furtherance of the wire fraud conspiracy in this District during the existence of the conspiracy.

As to venue, and venue alone, the Government's burden of proof is not proof beyond a reasonable doubt.  Instead, venue may be established by a preponderance of the evidence.  A preponderance of the evidence means more likely than not.  Thus, the Government has satisfied its burden as to venue if you conclude that it is more likely than not that Mr. Curcio or a co-conspirator committed an act in furtherance of the wire fraud conspiracy within the Southern District of New York.  If, on the other hand, you find that the Government has failed to prove venue by a preponderance of the evidence, then you must find Mr. Curcio not guilty.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 3-11; the Jury Charges in *United States v. Calk*, No. 19-cr-366 (LGS) (S.D.N.Y. July 12, 2021); *United States v. Collins & Ramirez*, No. 19-cr-395 (S.D.N.Y. 2020); *United States v. Kaloyeros*, No. 16-cr-776 (VEC); *United States v. Dumitru*, 18-cr-243 (LAK); *see United States v. Rutigliano*, 790 F.3d 389, 397 (2d Cir. 2015); *see also United States v. Perez*, 280 F.3d 318, 329–30 (3d Cir. 2003).

**Request No. 12:**        **Good Faith**

The good faith of the defendant is a complete defense to the charges contained in both Count One and Count Two of the Indictment because good faith on Mr. Curcio's part is, simply, inconsistent with the intent to obtain money or property by means of false or fraudulent pretenses, representations, or promises alleged in that charge.

A person who acts, or causes another person to act, on a belief or an opinion honestly held is not punishable under this statute merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong. An honest mistake in judgment or an error in management does not rise to the level of intent to defraud.

A defendant does not act in "good faith" if, even though he honestly holds a certain opinion or belief, that defendant also knowingly makes false or fraudulent pretenses, representations, or promises to others.

The wire fraud statute is written to subject to criminal punishment only those people who knowingly obtain money or property, or attempt to obtain money or property, by means of false or fraudulent pretenses, representations, or promises.

While the term "good faith" has no precise definition, it means, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to avoid taking unfair advantage of another.

In determining whether or not the Government has proven that the defendant acted with an intent to obtain money or property by means of false or fraudulent pretenses, representations, or promises or whether the defendant acted in good faith, the jury must consider all of the evidence in the case bearing on the defendant's state of mind.

The burden of proving good faith does not rest with the defendant because the defendant does not have any obligation to prove anything in this case. It is the Government's burden to prove to you, beyond a reasonable doubt, that the defendant acted with the intent to obtain money or property by means of false or fraudulent pretenses, representations, or promises.

If the evidence in the case leaves the jury with a reasonable doubt as to whether Mr. Curcio acted with an intent to obtain money or property by means of false or fraudulent pretenses, representations, or promises or in good faith, the jury must acquit Mr. Curcio.

2A Fed. Jury Prac. & Instr. § 47:16 (6th ed.).

**Request No. 13:**          **Statements of Co-Conspirators**

You will recall that I have admitted into evidence against the defendant the declarations and statements of others because these declarations and statements were committed by persons who, the Government charges, were also confederates or co-conspirators of the defendant on trial.  The reasonably foreseeable declarations and statements of any member of a conspiracy made in furtherance of the common purpose of the conspiracy are deemed, under the law, to be those of all of the members.  It is the jury's function to determine whether the evidence, including the co-conspirators' declarations and statements, is credible and convincing.  The burden of proving beyond a reasonable doubt that a conspiracy existed and that the defendant was a member of that conspiracy remains with the Government.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 19-9.

**Request No. 14:**        **Count Two: Wire Fraud – Summary**

Count Two charges the defendant, Anthony Curcio, with committing wire fraud, from in or about 2022 through at least in or about May 2024, in violation of Title 18, United States Code, Section 1343.  Specifically—and I am now reading from the Indictment—Count Two charges that [*the Court is respectfully requested to read the Statutory Allegations section (Paragraph 16) of Count Two to the jury*].

That statute provides, in pertinent part:

> Whoever, having devised or intending to devise any scheme or arti-fice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television com-munication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be [guilty of a federal crime].

I will now instruct you on the elements of wire fraud.

**Request No. 15:**       **Count Two: Wire Fraud – First Element – Scheme to Defraud**

The first element of wire fraud is the existence of a scheme or artifice to defraud others of money or property by means of false or fraudulent pretenses, representations, or promises. I will now explain to you what these terms mean. They are almost self-explanatory.

A "scheme or artifice" is simply a plan, device, or course of conduct to accomplish an objective. "Fraud" is a general term. It is a term that includes all the possible means by which a person seeks to gain some unfair advantage over another person by false representations, false suggestion, false pretenses, or concealment of the truth. The unfair advantage sought can involve money, property, or any other thing of value.

Thus, a "scheme to defraud" is merely a plan to deprive another of money or property by trick, deceit, deception, or swindle.

The scheme to defraud here is alleged to have been carried out by making false or fraudulent statements, representations, claims, and electronic documents. A statement, representation, claim, or document is false if it was untrue when made and was then known to be untrue by the person making it or causing it to be made. A representation or statement is fraudulent if it was falsely made with the intention to deceive. Deceitful statements of half-truths or involving the concealment of material facts or the expression of an opinion not honestly entertained may also constitute false or fraudulent statements under the statute. If there is deception, the manner in which it is accomplished is immaterial.

The deceptive means that are prohibited are also not limited to active misrepresentations or lies told to the intended victim of the scheme. Just as affirmatively stating facts as true when the facts are not true may constitute a false representation, the law recognizes that false representations need not be based on spoken words alone. The deception may arise from the intentional omission or concealment of facts that make what was written, said, or done deliberately misleading. The

misrepresentation may be written, oral, or arise from a course of conduct intended to communicate false facts to the intended victim.

Furthermore, it does not matter whether the victim might have discovered the fraud had it probed further or whether the victim did discover the fraud and failed to act upon that discovery. If you find that a scheme or artifice existed, it is irrelevant whether you believe that the victim was careless, gullible, or even negligent.

A scheme to defraud need not be shown by direct evidence but may be established by all the circumstances and facts in the case.

If you find that the Government has sustained its burden of proof that a scheme to defraud others of money or property did exist, as charged, you next should consider the second element.

Adapted from Sand *et al*., *Modern Federal Jury Instructions*, Instr. 44-2; the charge of the Honorable Shira A. Scheindlin in *United States v. Vasilevsky*, 08 Cr. 903 (SAS) (S.D.N.Y. 2009). *See United States v. Thomas*, 377 F.3d 232, 242 n.7 (2d Cir. 2004) ("To prove a scheme to defraud, the Government must prove three elements: (1) the existence of the scheme, (2) fraudulent intent (including some contemplated actual harm or injury), and (3) materiality." (citation omitted)).

**Request No. 16:**          **Count Two: Wire Fraud – First Element, Continued -- Materiality**

The false representations and pretenses must be "material."  We use the word "material" to distinguish between the kinds of statements we care about and those that are of no real importance. A "material" fact is one which reasonably would be expected to be of concern to a reasonable and prudent person relying on the statement in making a decision.  That means if you find a particular statement of fact to have been untruthful, before you can find that statement or omission to be material, you must also find that the statement or omission was one that would have mattered to a reasonable person in making such a decision.  Actual reliance by the person on the representation is not required; it is sufficient if the representation is one that is capable of influencing the person's decision and is intended by the defendant to do so.  The Government need not prove an actual loss of money by an intended victim.  Likewise, it is not necessary for the Government to establish that the defendant actually realized any gain from the scheme, or that he personally originated the scheme to defraud.  What matters is whether there existed a scheme to defraud.

Adapted from Sand *et al*., *Modern Federal Jury Instructions*, Instr. 44-4; the charge of the Honorable Shira A. Scheindlin in *United States v. Vasilevsky*, No. 08-cr-903 (SAS) (S.D.N.Y. 2009).  *See United States v. Thomas*, 377 F.3d 232, 242 n.7 (2d Cir. 2004) ("To prove a scheme to defraud, the Government must prove three elements: (1) the existence of the scheme, (2) fraudulent intent (including some contemplated actual harm or injury), and (3) materiality." (citation omitted)).

**Request No. 17:        Count Two: Wire Fraud – Second Element – Knowing Participation in Scheme with Intent to Defraud**

The second element is that the defendant devised or participated in the scheme or artifice to defraud knowingly and with an intent to defraud.

The words "devised" and "participated" are words that you are familiar with and, therefore, I do not need to spend much time defining them for you. To "devise" a scheme to defraud is to concoct or plan it. To "participate" in a scheme to defraud means to associate oneself with it with a view and intent toward making it succeed. While a mere onlooker is not a participant in a scheme to defraud, it is not necessary that a participant be someone who personally and visibly executes the scheme to defraud.

As I explained to you earlier, to act "knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently. A person acts "intentionally" if he acts deliberately and purposefully; that is, the actions of the defendant you are considering must have been his conscious objective rather than the product of mistake, accident, negligence, or some other innocent reason. Thus, "intent to defraud" means to act knowingly and with the specific purpose of wrongfully obtaining the money or property of another person or entity through fraudulent means.

In order to satisfy this element, I remind you that it is not necessary for the Government to establish that a defendant originated the scheme to defraud. It is sufficient if you find that a scheme to defraud existed, even if originated by another, and that the defendant, while aware of the scheme's existence, knowingly participated in it.

It is also not required that the defendant participate in or have knowledge of all of the operations of the scheme. The guilt of the defendant is not governed by the extent of his participation.

It also is not necessary that the defendant have participated in the alleged scheme from the beginning. A person who comes in at a later point with knowledge of the scheme's general operation, although not necessarily all of its details, and intentionally acts in a way to further the unlawful goals, becomes a member of the scheme and is legally responsible for all that may have been done in the past in furtherance of the criminal objective and all that is done thereafter.

Even if the defendant participated in the scheme to a lesser degree than others, he is nevertheless equally guilty, so long as the defendant became a member of the scheme to defraud with knowledge of its general scope and purpose.

The question of whether a person acted knowingly and with intent to defraud is a question of fact for you to determine, like any other fact question. This question involves the defendant's state of mind.

The ultimate facts of knowledge and intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, words, conduct, acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

What is referred to as drawing inferences from circumstantial evidence is no different from what people normally mean when they say, "use your common sense." Using your common sense means that, when you come to decide whether the defendant you are considering possessed or lacked an intent to defraud, you need not limit yourself to just what the particular defendant said, but you may also look at what the defendant did and what others did in relation to the defendant and, in general, everything that occurred.

Adapted from the charges of the Honorable Kimba M. Wood in *United States v. Shapiro*, No. 06-cr-357 (KMW) (2009), and the Honorable Valerie E. Caproni in *United States v. Bynum*, No. 21-cr-603 (VEC).  Willfulness is not a requirement of the wire fraud statute.  *See United States v. Bynum*, No. 21-cr-603 (VEC) (S.D.N.Y.), Docket Entry 1149, at 1–2 (Nov. 10, 2023); *United States v. Middendorf*, 2019 WL 4254025, at *7 (S.D.N.Y. Sept. 9, 2019); *United States v. Novis*, 2023 WL 4746541, at *22 (E.D.N.Y. July 24, 2023) (collecting cases); *United States v. DiRoberto*, 686 F. App'x 458, 461 (9th Cir. 2017); *United States v. Gole*, 21 F. Supp. 2d 161, 167 (E.D.N.Y. 1997), *aff'd*, 158 F.3d 166 (2d Cir. 1998).  Rather, the "specific intent required under the mail [and, therefore, wire] fraud statute is the intent to defraud ... and not the intent to violate a statute."  *United States v. Porcelli*, 865 F.2d 1352, 1358 (2d Cir. 1989).  *See also United States v. Rossomando*, 144 F.3d 197 (2d Cir. 1998) (discussing appropriate scope of "no ultimate harm" instruction); *United States v. Yip*, 930 F.2d 142, 146 (2d Cir. 1991); *United States v. McGinn*, 787 F.3d 116, 122–23 (2d Cir. 2015) (mens rea requirement for wire fraud is fraudulent intent, or "conscious knowing intent to defraud"); *United States v. Rybicki*, 354 F.3d 124, 151 (2d Cir. 2003) (Raggi, J., concurring, collecting cases holding that mail fraud mens rea requirement is specific intent to defraud); *United States v. Porcelli*, 865 F.2d 1352, 1358 (2d Cir. 1989) (specific intent required for mail fraud statute is intent to defraud).  Jury Charge of the Hon. Vincent L. Briccetti in *United States v. Lowe; see also United States v. Koh*, 199 F.3d 632 (1999 (upholding use of "no ultimate harm" type instruction)).

**Request No. 18:        Count Two: Wire Fraud – Third Element – Use of Wires**

The third and final element is that interstate or foreign wire facilities were used in furtherance of the scheme to defraud.

Wires include telephones, faxes, e-mail, internet communication, radios, television, and text and WhatsApp messages.  A wire communication also includes a wire transfer of funds between banks.  "Interstate" just means that a wire communication passes between two or more states. "Foreign" just means that a wire communication passes between the United States and another country, in either direction.  The use of the wire need not itself be fraudulent.  Stated another way, the wire communication need not contain any fraudulent representation, or even any request for money. It is sufficient if a wire is used to further or assist in carrying out the scheme to defraud.

It is not necessary for the defendant to be directly or personally involved in any wire communication, as long as the communication is reasonably foreseeable in the execution of the scheme to defraud in which the defendant is accused of participating.

In this regard, it would be sufficient to establish this element of the crime if the evidence justifies a finding that the defendant caused the wires to be used by others; and this does not mean that the defendant himself must have specifically authorized others to execute a wire communication. When one does an act with knowledge that the use of the wire will follow in the ordinary course of business, such as a wire transfer between banks, or where such use of the wires can reasonably be foreseen, even though not actually intended, then he causes the wires to be used.

Incidentally, this wire communication requirement is satisfied even if the wire communication was done by a person with no knowledge of the fraudulent scheme, including the intended victim of the fraud.

Finally, only a wire communication must be reasonably foreseeable, not its interstate component.  Thus, if you find that the wire communication was reasonably foreseeable and the interstate wire communications actually took place, then this element is satisfied, even if it was not foreseeable that the wire communication would cross state lines.

The Government must establish that the wire fraud that is the object of the conspiracy charged in the Indictment contemplated the use of a wire as charged in the Indictment.

Adapted from Sand *et al*., *Modern Federal Jury Instructions*, Instr. 44-7; the charge of the Honorable Robert P. Patterson in *United States v. Kalish*, No. 05-cr-656 (S.D.N.Y. 2007); the charge of the Honorable Denny Chin in *United States v. Britt*, No. 10-cr-129 (S.D.N.Y. 2011); the charge of the Honorable Richard J. Sullivan in *United States v. Davis*, No. 07-cv-468 (S.D.N.Y. 2009); and the charge of the Honorable Richard Conway Casey in *United States v. Weisser*, No. 00-cr-0489 (S.D.N.Y. 2000).

**Request No. 19:          Aiding and Abetting (if applicable)**

Count Two of the Indictment also charges the defendant, in the alternative, with aiding and abetting the commission of wire fraud.  The defendant can be convicted on this count if he either committed the crime, or he aided or abetted one or more people in committing the crime.

A person who aids or abets another to commit an offense is just as guilty of that offense as if he had committed it himself.  The first requirement is that another person has committed the crime charged.  Obviously, no one can be convicted of aiding or abetting the criminal acts of someone else if no crime was committed by the other person.  However, if you do find that a crime was committed, then you must consider whether the defendant aided or abetted the commission of the crime.

In order to aid or abet another to commit a crime, it is necessary that the defendant knowingly associated himself with the crime, and that he willfully and knowingly sought by some act to help make the crime succeed.

Adapted from the Jury Charge in *United States v. Murray*, No. 22-cr-76 (LGS) (S.D.N.Y. May 17, 2023).

**Request No. 20:**      **Defense Theory**

[To be submitted closer to charging conference.]

Dated: New York, New York
     December 11, 2025

          Respectfully submitted,

          **Simpson Thacher & Bartlett LLP**

          */s/ Martin S. Bell*

          Martin S. Bell
          Meredith Karp
          Patrick K. Barry
          425 Lexington Avenue
          New York, New York 10017
          (212) 455-2000
          martin.bell@stblaw.com
          meredith.karp@stblaw.com
          patrick.barry@stblaw.com

          *Attorneys for Defendant Anthony Curcio*