UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                Plaintiff,

- v. -

ANTHONY CURCIO,

                Defendant.

24-cr-312-RA

# DEFENDANT CURCIO'S PROPOSED VOIR DIRE QUESTIONS

Pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, Defendant Anthony Curcio ("Mr. Curcio") respectfully requests that the Court include the following questions in its examination of prospective jurors.  Mr. Curcio also respectfully requests that the Court pursue more detailed questioning if a prospective juror's answer reveals that further inquiry is appropriate and, in such an instance, to conclude with an inquiry as to whether the particular fact or circumstance would influence the prospective juror in favor of or against either the Defendant or the Government, or otherwise affect the prospective juror's ability to serve as a fair and impartial juror in this case.

## TRIAL ADMINISTRATION

1.    *[The Court is respectfully requested to ask, according to it its usual practice, questions regarding prospective jurors' ability to serve on the jury for the expected total length of the trial.]*

2.    *[The Court is respectfully requested to ask, according to its usual practice, general questions of prospective jurors' ability to render a fair verdict in accord with the Constitution.]*

## THE CHARGES

3. This is a criminal case. The Defendant in this case, Mr. Anthony Curcio, has been charged with committing federal crimes in an Indictment filed by a grand jury sitting in this district. As I will instruct you, the Indictment is not evidence. It is simply a formal accusation that contains the charges that the Government is required to prove to the satisfaction of the trial jury beyond a reasonable doubt. I will summarize the charges in this case to determine whether there is anything about the nature of this case that may make it difficult or inappropriate for any of you to serve on the jury.

4. The Indictment in this case charges two counts: Count One charges Mr. Curcio with conspiracy to commit wire fraud, from at least in or about 2022 through at least in or about May 2024. Court Two charges Mr. Curcio with wire fraud, from at least in or about 2022 through at least in or about May 2024. The Indictment alleges that Mr. Curcio devised and engaged in a scheme to defraud victims through sales and attempted sales of trading cards by misrepresenting the grade of the trading cards.

5. Mr. Curcio has pleaded not guilty to these charges. *[We ask the Court to leave room for a potential one-sentence defense theory of the case, to be submitted closer to trial.]* You must remember that Mr. Curcio is presumed innocent unless and until the Government meets its burden of proving that he is guilty beyond a reasonable doubt.

6. Does any juror have any personal knowledge of the charges in the Indictment as I have described them? Have you read or heard anything about this case or about Mr. Curcio in the news or otherwise? *[As to any prospective juror who answers affirmatively, the Court is respectfully requested to inquire further.]* *[If so, is there anything you have read or heard that would impact your ability to be fair and impartial in this case? If yes, would you be able to set*

*aside anything you have read or heard about the case and follow my instruction that you may only consider the evidence presented in this courtroom during this trial?]*

7.  As I have just explained, the alleged crimes concern charges of wire fraud and conspiracy. Do any of you feel that you could not view fairly and impartially a case involving such charges?

8.  Do any of you feel that fraud and/or counterfeiting are not punished severely enough in this country?

9.  Do any of you feel that the government should prosecute fraud and/or counterfeiting more aggressively or more frequently?

10. Have any of you ever been involved—as a defendant, a victim, or in any other way—in any case involving fraud and/or counterfeiting? Would that experience make it difficult for you to judge this case fairly and impartially?

11. Have any of your relatives or close friends ever been involved—as a defendant, a victim, or in any other way—in a case involving fraud and/or counterfeiting? Would their experiences make it difficult for you to judge this case fairly and impartially?

12. Do any of you feel for any other reason that you could not fairly and impartially judge a case involving charges such as I have described?

13. You will be instructed on the law and will be required to follow the law as I instruct you on it, and to convict Mr. Curcio only if he is guilty of the charged offenses and acquit him if he is not. Is there any juror who will be unable to follow my instructions on the law, or to base their verdict only on the law and evidence, or be unable to be fair and impartial to both parties?

14. Do any of you, or your relatives or close friends, have experience with the trading cards industry, including as a seller, buyer, collector, auctioneer, grader, authenticator, expert, and content creator? [*If so, in what capacity, for which agency, and for how long? Do you have*

3

*any association—professional, business, or social, direct or indirect—with any cards grading companies, including the Professional Sports Authenticator (PSA), Beckett Grading Services (BGS), and Certified Guaranty Company (CGC)?]*

15. Do any of you, or your relatives or close friends, have experience with any other collectible markets, such as stamps, toys, memorabilia, art, jewelry, and watches? *[If so, in what capacity, for which agency, and for how long?]*

### KNOWLEDGE OF THE TRIAL PARTICIPANTS

16. I'd like to ask Mr. Curcio to rise at this point. Does any of you know, or had any dealings, directly or indirectly, with Mr. Curcio, Curcio Media LLC, Sportiva LLC, Sportiva Books LLC, Sportiva Publishing LLC, or with any relative, friend, or associate of Mr. Curcio?

17. To your knowledge, do any of your relatives, friends, associates, or employers know, or had any personal or business dealings, directly or indirectly, with Mr. Curcio, Curcio Media LLC, Sportiva LLC, Sportiva Books LLC, Sportiva Publishing LLC, or with any relative, friend, or associate of Mr. Curcio?

18. Mr. Curcio is represented by his attorneys, Martin Bell and Meredith Karp of Simpson Thacher & Bartlett LLP. Can Mr. Bell and Ms. Karp stand, please? They will be assisted by attorneys Patrick Barry, Nicolas Lussier, Wendy Wu, and Daniel Castillo of Simpson Thacher & Bartlett LLP, and I'd ask each of them to stand as well. Do any of you know, or had any personal or business dealings, directly or indirectly, with these individuals or any individuals at Simpson Thacher & Bartlett LLP?

19. The United States is represented here, as in all cases where it is a party before this Court, by the United States Attorney for the Southern District of New York, Jay Clayton. The conduct of the trial will be in the immediate charge of Assistant United States Attorneys David Felton, Kingdar Prussien, and Cecilia Vogel, and they are standing in front of you now. Do any

of you know Mr. Clayton or AUSAs Felton, Prussien, or Vogel? Have any of you had any dealings, either directly or indirectly, with any of these individuals, or the United States Attorney's Office for the Southern District of New York generally?

20. I will now read you the names of potential witnesses and other people who may be mentioned during the trial. My including a name, however, imposes no obligation on any party to call that person as a witness. Some of these individuals might not testify. My question is whether you know or have had any dealings with the following people: *[A complete list will be provided to the Court prior to jury selection.]*

21. Some of the evidence in the case will concern the following locations: *[A list will be provided to the Court prior to jury selection.]* Are any of you particularly familiar with or knowledgeable about these locations? If so, how?

## RELATIONSHIP WITH GOVERNMENT

22. Do any of you, or your relatives or close friends, work in law, law enforcement, the justice system, or the courts, whether federal, state, or local? In what capacity? Have any of you had any contact with anyone in law, law enforcement, the justice system, or the courts that might influence your ability to evaluate this case?

23. Do any of you know, or have any association—professional, business, or social, direct or indirect—with any member of the staff of the United States Attorney's Office for the Southern District of New York, the United States Department of Justice, or the United States Federal Bureau of Investigation?

24. Have any of you—either through any experience you have had or anything you have seen or read—developed any bias or prejudice for or against the United States Attorney's Office, the Justice Department, or the FBI?

25. Have you or anyone close to you ever worked for or as a criminal defense lawyer or private investigator?

## PRIOR JURY SERVICE

26. Have you ever served as a juror in a trial in any court, whether federal, state, county, city, or otherwise? If so, in what court did you serve? Was it a civil or criminal case? What was the case about? Without telling us what the verdict was, did the jury reach a verdict?

27. Have you ever served as a member of a grand jury, whether in federal, state, county, or city court? If so, when and where?

## EXPERIENCE AS A WITNESS, DEFENDANT, OR CRIME VICTIM

28. Have any of you, your relatives, or close friends ever been involved or appeared as a witness in any investigation by a federal or state grand jury, or by a Congressional or state legislative committee, licensing authority, or governmental agency? Have you or anyone close to you been questioned in any matter by a law enforcement agency?

29. Have you, your relatives, or close friends ever been a witness or a complainant in any hearing or trial?

30. Are you or any member of your family now under subpoena, or to your knowledge, about to be subpoenaed in any case?

31. Have you, your family, or close friends ever been charged with a crime? *[As to any prospective juror who answers affirmatively, the Court is respectfully requested to inquire into the circumstances of the crime.]*

32. Have you, your family, or close friends ever been the victim of a crime? *[As to any prospective juror who answers affirmatively, the Court is respectfully requested to inquire into the circumstances of the crime.]*

6

33. Have you, or any of your relatives or close friends, ever been the subject of any investigation or accusation by any federal or state grand jury, or by a Congressional committee?

34. Have you, either through any experience you have had or anything you have seen or read, developed any bias or prejudice or other feelings for or against Simpson Thacher & Bartlett LLP, or criminal defense lawyers?

## VIEWS ON CERTAIN WITNESSES AND EVIDENCE

35. The witnesses in this case will include, among others, special agents, law enforcement officers, representatives of the Government. Would any of you be more likely to believe a witness merely because they are a member of a law enforcement agency? Would any of you be less likely to believe a witness merely because they are a member of a law enforcement agency?

36. Mr. Curcio has pleaded not guilty to the charges in the Indictment. Would any of you have difficulty following instructions that Mr. Curcio is presumed to be innocent of all charges against him unless and until the Government proves each element of the crimes charged beyond a reasonable doubt?

37. Would any of you have any difficulty in following my instructions that the Government, and the Government only, bears the burden of proof, and as such Mr. Curcio is not required to call any witnesses or produce any evidence in this case?

38. Would any of you have any difficulty in following my instructions that Mr. Curcio has a constitutional right not to testify, and that you are not to draw any inferences, whether for Mr. Curcio or against him, if he chooses not to testify? Do you feel that a defendant should be required to testify in his own defense? Could you find a defendant not guilty even if he does not take the stand to testify?

39. Would any of you have difficulty following my instructions that if Mr. Curcio chooses to testify on his own behalf as he is permitted to do, you are not permitted to lend his testimony any more or less weight simply because he is the accused in this case?

40. Would any of you feel that you would be unable to avoid searching the Internet or any other sources of information about this case, including the charges, Mr. Curcio, or the attorneys, despite that the law requires you not to do so?

## FUNCTION OF THE COURT AND JURY

41. The function of the jury is to decide questions of fact. As a juror, you are the sole judge of the facts and nothing that the Court or the attorneys say or do may intrude in any way on your role as the exclusive fact finder. However, when it comes to the law, you are to take your instructions from the Court and you are bound by those instructions. You may not substitute your ideas of what the law is or what you may think the law should be. At the conclusion of this case, your job will be to determine whether or not the defendant is guilty of the crimes charged in the Indictment. Does any juror have any difficulty with that principle, or any problem in accepting and following the instruction of the law that I will give you in this case?

42. Will each of you accept the proposition that the question of punishment is for the Court alone to decide and that the possible punishment must not enter into your deliberations as to whether Mr. Curcio on trial here is guilty?

43. Will each of you accept the proposition of law that sympathy must not enter into the deliberations of the jurors as to whether Mr. Curcio is guilty or not guilty, and that only the evidence produced here in Court may be used by you to determine whether Mr. Curcio is guilty or not guilty of the crimes charged?

44. Do any of you feel that even if the evidence does not establish Mr. Curcio's guilt beyond a reasonable doubt, you might not be able to render a verdict of not guilty based on a personal belief that Mr. Curcio is guilty or some other reason?

45. It is not a particularly pleasant duty to find another individual guilty of committing a crime. Do any of you feel that even if the evidence established Mr. Curcio's guilt beyond a reasonable doubt, you might not be able to render a guilty verdict?

46. Do any of you have any religious, philosophical, moral, or other beliefs that would make you unable to render a guilty verdict for reasons unrelated to the law and the evidence?

47. In these questions, I have tried to direct your attention to possible reasons why you might not be able to serve as a fair and impartial juror. Aside from the previous questions I have asked, do any of you have the slightest doubt in your own mind, for any reason whatsoever, about your ability to conscientiously, fairly, and impartially serve in this case and to render a true and just verdict without fear, favor, sympathy, or prejudice, and according to the law as it will be explained to you?

## GENERAL QUESTIONS FOR THE PANEL

48. Do any of you have a problem with your hearing or vision, or any other medical condition, which would prevent them from giving full attention to all of the evidence at this trial?

49. Are any of you taking any medication that would prevent you from giving full attention to all of the evidence at this trial?

50. Do any of you have any difficulty in reading or understanding English in any degree?

## INDIVIDUAL JUROR BACKGROUND QUESTIONS

51. Mr. Curcio respectfully requests that the Court ask each juror the following:

    a. the juror's age;

9

    b. where the juror was born;

    c. the neighborhood in which the juror resides;

    d. the juror's educational background, including the highest degree obtained;

    e. the juror's occupation;

    f. the name and general location of the juror's current or most recent employer, and the period of employment with that employer;

    g. the same information concerning other employment within the last five years;

    h. whether the juror has been employed by a federal, state, or local government agency;

    i. the same information with respect to the current or most recent employment of the juror's spouse and any working children;

    j. the juror's hobbies and leisure activities;

    k. how the juror receives their news;

    l. the names of the newspapers and/or magazines the juror reads, and how often;

    m. what websites and/or other forms of online media the juror visits regularly;

    n. what television programs the juror regularly watches; and

    o. the living, publicly recognizable person that the juror admires most.

**REQUESTED INSTRUCTION FOLLOWING IMPANELING OF THE JURY**

52. From this point on until you retire to deliberate on your verdict, it is your duty not to discuss this case and not to remain in the presence of other persons who may be discussing this case. This rule about not discussing the case with others includes discussions even with members of your own family or friends.

53. If at any time during the course of this trial, any person attempts to talk to you or to communicate with you about this case, either in or out of the courthouse, you should immediately report such an attempt to me.

54. In this regard, let me explain to you that the attorneys and the defendant in a case are not supposed to talk to jurors, even to offer a friendly greeting. So, if you happen to see any of them outside this courtroom they will, and should, ignore you. Please do not take offense. They will only be acting properly by doing so.

Dated: New York, New York
December 11, 2025

Respectfully submitted,

**Simpson Thacher & Bartlett LLP**

*/s/ Martin S. Bell*
Martin S. Bell
Meredith Karp
Patrick K. Barry
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, New York 10017
(212) 455-2000
martin.bell@stblaw.com
meredith.karp@stblaw.com
patrick.barry@stblaw.com

*Attorneys for Defendant Anthony Curcio*