# Simpson Thacher & Bartlett LLP

425 LEXINGTON AVENUE
NEW YORK, NY 10017-3954

TELEPHONE: +1-212-455-2000
FACSIMILE: +1-212-455-2502

Direct Dial Number
+1-212-455-2542

E-mail Address
martin.bell@stblaw.com

January 11, 2026

BY ECF & EMAIL

Re:   *United States v. Anthony Curcio*, 24 Cr. 312 (RA)

The Honorable Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Dear Judge Abrams:

     We represent Anthony Curcio in the above-captioned matter, trial of which will commence tomorrow. We write to request a limiting instruction for use tomorrow in light of our understanding that the Government intends to call a witness to read previously discussed excerpts from Mr. Curcio's memoir on the first day of trial among its first day witnesses.

     We understand that the Court has ruled that excerpts of the memoir will be admissible as direct evidence of the crimes of which he is now accused (*e.g.*, as background and evidence of intent or as to knowledge he had) or as prior bad acts pursuant to Rule 404(b)). Even as the jury can consider this evidence for these purposes, it is, of course, nevertheless the case that there are some purposes for which it cannot consider this evidence. For example, the jury cannot consider this evidence as evidence of a propensity for this particular crime, and they cannot consider that the mere fact that he committed that crime or similar offenses means that it is more likely he did it again.

     There is a very real danger that, without a proper instruction, the jury will consider this evidence for the wrong purposes. For these reasons, we propose a limiting instruction, which follows the contours of Rules 404(a) and (b), to be delivered immediately before they hear the excerpts. Specifically:

> *Ladies and gentlemen, I understand that you are about to be read excerpts of a 2013 book that Mr. Curcio co-authored with another individual about his experiences. This evidence is being allowed for limited purposes only, and so I want to instruct you as to how you can consider this evidence.*

Simpson Thacher & Bartlett LLP

The Honorable Ronnie Abrams

-2-

January 11, 2026

*You cannot consider these excerpts as evidence that Mr. Curcio has a character for dishonesty and therefore acted in accordance with that character in the scheme charged in the Indictment. Likewise, you cannot consider these excerpts as evidence that just because Mr. Curcio engaged in certain crimes, wrongs, or acts before, he acted in the same way on this occasion. These are impermissible considerations.*

*However, you can consider the excerpts for another purpose, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. You can also consider them as background information. In connection with these purposes, how much weight you assign to these book excerpts, if any, is up to you to decide.*

As always, we thank the Court.

Respectfully submitted,

*/s/ Martin Bell*
Martin Bell
Meredith Karp
Patrick Barry
Nicolas Lussier
Wendy Wu
Gineen Abuali