UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ANTHONY CURCIO,<br><br>Defendant. | 24-CR-312 (RA)<br><br><u>ORDER</u> |

RONNIE ABRAMS, United States District Judge:

For the reasons stated on the record at the final pre-trial conference and for other reasons forthcoming, the parties' respective motions *in limine* are granted in part and denied in part, as follows:

- The Government's First Motion *in Limine* (Dkt. No. 64 at 4) seeks to admit certain excerpts from Defendant's memoir. Defendant moves to exclude those same excerpts in its Fifth Motion *in Limine*. Dkt. No. 60 at 8. The Court grants the Government's motion and denies Defendant's motion, with the scope to be addressed by separate order.

- The Government's Second Motion *in Limine* (Dkt. No. 64 at 16) seeks to admit lay opinion testimony from a PSA Representative. Defendant moves to exclude this evidence in its First Motion *in Limine*. Dkt. 60 at 2. The Court grants the Government's motion and denies Defendant's motion.

- The Government's Third Motion *in Limine* (Dkt. No. 64 at 24) seeks to admit the testimony of certain co-conspirator statements. Defendant argues that the Government has failed to meet the standard set forth in Fed. R. Evid. 801(d)(2)(e). To the extent the Government meets the standard set forth in 801(d)(2)(e) as construed in *Bourjaily v. United States*, 483 U.S. 171, 175 (1987), Dkt. No. 66 at 27, the Court will grant the motion.

- The Government's Fourth Motion *in Limine* (Dkt. No. 64 at 30) seeks to exclude evidence that Defendant's victims were negligent. Defendant does not oppose the motion. The Court grants the Government's motion on consent.

- The Government's Fifth Motion *in Limine* (Dkt. No. 64 at 31) seeks to exclude evidence regarding PSA's practices and policies. Defendant opposes the motion. Dkt. No. 66 at 19. The Court grants the Government's motion in part and denies it in part.

- The Government's Sixth Motion *in Limine* (Dkt. No. 64 at 34) seeks to preclude evidence regarding refunds to victims. Defendant opposes the motion. Dkt. No. 66 at 17. The Court grants the Government's motion.

- The Government's Seventh Motion *in Limine* (Dkt. No. 64 at 35) seeks to preclude evidence regarding the Government's investigation into Defendant. Defendant opposes the motion. Dkt. No. 66 at 23. The Court grants the Government's motion in part, with the scope to be addressed with the parties.

- The Government's Eighth Motion *in Limine* (Dkt. No. 64 at 38) seeks to preclude evidence regarding Defendant's prior good acts. Defendant opposes the motion. Dkt. No. 66 at 24. The Court grants the Government's motion.

- The Government's Ninth Motion *in Limine* (Dkt. No. 64 at 42) seeks to preclude evidence about Defendant's personal circumstances. The Court grants the Government's motion in part, with the scope to be addressed with the parties.

- The Government's Tenth Motion *in Limine* (Dkt. No. 64 at 43) seeks to preclude cross-examination of certain witnesses regarding past criminal activity and convictions. Defendant does not oppose the motion. The Court grants the Government's motion.

- The Government's First Supplemental Motion *in Limine* from its January 5, 2026 letter (Dkt. No. 71 at 4), seeks to preclude cross-examination of Special Agent Campbell regarding certain topics. Defendant has not opposed the motion. The Court will rule on this after discussion with the parties.

- The Government's Second Supplemental Motion *in Limine* from its January 5, 2026 letter (Dkt. No. 71 at 4), seeks to admit statements from two additional co-conspirators. Defendant opposes the motion. Dkt. No. 73 at 6. The Court will rule on this after discussion with the parties.

- Defendant's Second Motion *in Limine* (Dkt. No. 60 at 3) seeks to preclude admission of DNA evidence. The Government does not oppose the motion. The Court grants Defendant's motion on consent.

- Defendant's Third Motion *in Limine* (Dkt. No. 60 at 4) seeks to preclude evidence regarding his prior conviction and other bad acts. The parties have informed the Court that they have signed a stipulation to which they have agreed to be bound. Defendant's motion is therefore moot.

- Defendant's Fourth Motion *in Limine* (Dkt. No. 60 at 5) seeks to preclude the Government from referencing prior card counterfeiting and other card-related schemes, with which he was allegedly involved. The Government opposes the motion. Dkt. No. 67 at 14. The Court understands that this motion relates entirely to activities discussed in Defendant's memoir, at issue in the Government's First Motion *in Limine* and Defendant's Fifth Motion *in Limine*. Accordingly, the Court denies Defendant's motion.

- Defendant's Sixth Motion *in Limine* (Dkt. No. 60 at 12, Dkt. No. 73 at 2) seeks to admit evidence pertaining to Defendant's state of mind and good intent. The Government opposes

3

the motion. Dkt. No. 67 at 19. The Court grants Defendant's motion, with the scope to be addressed with the parties.

- Defendant's Supplemental Motion *in Limine* from its January 7, 2026 letter (Dkt. No. 73 at 3), seeks to allow evidence that would tend to undermine the jury's confidence in PSA's grading system. The Court will rule on this after further discussion with the parties.

The Clerk of Court is directed to close the motions at Dkt. Nos. 59, 64, 71, and 73.


SO ORDERED.

Dated:      January 9, 2026
            New York, New York

_____
Ronnie Abrams
United States District Judge