# Simpson Thacher & Bartlett LLP

425 LEXINGTON AVENUE
NEW YORK, NY 10017-3954

TELEPHONE: +1-212-455-2000
FACSIMILE: +1-212-455-2502

| Direct Dial Number | E-mail Address |
|---|---|
| +1-212-455-2542 | martin.bell@stblaw.com |

January 16, 2026

BY ECF & EMAIL

           Re:    *United States v. Anthony Curcio*, 24 Cr. 312 (RA)

The Honorable Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Dear Judge Abrams:

      In follow up to the parties' discussion with the Court at the end of yesterday's session, Mr. Curcio respectfully renews his motion to exclude evidence relating to uncharged conduct, particularly card counterfeiting. This includes the Government's intended exhibit GX 214 (attached here as Exhibit A), which the Government sought to introduce yesterday over the defense's objection.

      Mr. Curcio previously moved to exclude evidence relating to uncharged conduct, including card counterfeiting, *see* Def.'s MIL (Dkt. 60) at 5–7, and the Government opposed that motion, *see* Gov't's Opp'n to Def.'s MIL (Dkt. 67) at 15–17. The Court denied Mr. Curcio's motion on the understanding that the dispute related solely to activities discussed in Mr. Curcio's memoir, *Heist and High*. *See* Order (Dkt. 80) at 3. Because the Government has now elicited testimony and sought to introduce evidence relating to uncharged, prospective card counterfeiting in connection with its direct examination of alleged co-conspirator Mr. Bondarchuk, the issue has been revived.

      Mr. Curcio is charged with a card-upcoding scheme, *see* Ind. ¶ 16, which may arguably include altering real cards so that they more plausibly present as their allegedly falsified, higher grades. Mr. Curcio is *not* charged with the distinct scheme of card counterfeiting, however, and the Government conceded as much in its opening statement:

> Curcio tricked his customers by making it look like his cards had received high grades from one of these trading companies when they had not. He lied.
>
> The company is called Professional Sports Authenticator, or PSA.

Simpson Thacher & Bartlett LLP

The Honorable Ronnie Abrams

-2- January 16, 2026

> So how did Curcio do this?  He put **real trading cards** into fake PSA card cases.

Trial Tr. (Jan. 13, 2026) 75:20-76:2 (emphasis added).

Testimony and other evidence relating to potential future card counterfeiting is therefore not relevant and would only tend to confuse and mislead the jury about the nature of the charged upcoding scheme. *See* Fed. R. Evid. 402, 403.  Such evidence would be unduly prejudicial as well:  Mr. Curcio is charged with selling rare and valuable cards that were worth *less* than he represented them to be worth; he is not charged with selling *worthless* fakes.  *See* Fed. R. Evid. 403; *United States v. Zhong*, 26 F.4th 536, 552 (2d Cir. 2022) ("[A] district court abuses its discretion when it admits evidence of uncharged conduct that 'was significantly more sensational and disturbing than the charged crimes.'" (internal citation omitted)).

The text messages proffered by the Government during the direct testimony of Mr. Bondarchuk, to which Mr. Curcio objected, about potential card counterfeiting in the future (GX 214) is just such irrelevant, confusing, misleading, and unfairly prejudicial evidence.  It and other evidence like it should be excluded.  *See United States v. Kostenko*, 2017 WL 1395500, at *2 (S.D.W. Va. Apr. 17, 2017) (where defendant was charged with causing the death of certain patients, the court excluded evidence of other, uncharged deaths because it "ha[d] the potential to be both unfairly prejudicial and confusing to the jury"); *United States v. Rakhit*, 2021 WL 3375946, at *2 (N.D. Ohio Aug. 2, 2021) ("However, as to evidence of alleged harm to patients outside of the Indictment, the Court finds that the potential for unfair prejudice and confusion exists because such evidence would create a risk of convictions based on association, i.e., the jury would see a pattern of behavior and convict for individual counts that were not properly proved.").

On the separate issue of GX 206 (text messages relating to a Charizard Pokémon card) and related testimony, Mr. Curcio withdraws his objection.

Respectfully submitted,

*/s/ Martin S. Bell*

Martin S. Bell
Meredith Karp
Patrick K. Barry
Nicolas Lussier
Wendy Shidi Wu
Gineen K. Abuali
