

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

January 20, 2026

**BY ECF**

The Honorable Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *United States v. Anthony Curcio*, 24 Cr. 312 (RA)

Dear Judge Abrams:

    The Government respectfully submits this letter in opposition to defendant Anthony Curcio's letter of last night, January 19, 2026, regarding GX 4437. In lieu of the 2.5-page version of GX 4437 marked by the Government (attached hereto as Exhibit A), consisting of the full versions of a single May 12, 2022 email from witness Matt Greaney to Curcio and Curcio's full May 13, 2022 response email,[1] Curcio seeks to introduce a 15-page, thrice forwarded, later-in-chain version of the email thread, consisting of emails from not just May 12 and 13, 2022, but also May 14, 15, 16, and 18, 2022, as well as forwarded messages from May 19, 2022, a year later on May 4, 2023, and, more than 2.5 years later, December 19, 2025. Curcio's own self-serving statements contained within that lengthy email chain are quintessential hearsay not subject to any exception under the rules of evidence and his proffered grounds for admission all fail.

    The Government takes Curcio's proffered grab bag of grounds for admission in turn. *First*, Curcio asserts that "GX 4437 will be used to show that Curcio was forthcoming with prospective buyers about the purported issues with the 1986 Fleer Jordan's holder." It is anything but clear how this does so given that none of the communications are from Curcio to a prospective buyer. But, even if it somehow was relevant to this topic, "show[ing] that Mr. Curcio was forthcoming with prospective buyers" does not fall within an exclusion or exception to the hearsay rules. Of course, the rules of hearsay permit the Government to introduce the defendant's statements. Fed. R. Evid. 801(d). It is well settled that those rules do not afford the defendant the same latitude to introduce his own statements. *See, e.g.*, *United States v. Kadir*, 718 F.3d 115, 124 (2d Cir. 2013) ("A defendant may not introduce his own prior out-of-court statements because they are hearsay, and . . . not admissible." (internal quotation marks omitted)); *United States v. Elmaani*, 20 Cr. 661 (CM), 2023 WL 2770742, at *6 (S.D.N.Y. Apr. 4, 2023) ("It is well-established that a defendant

---

[1] Greaney's statements to Curcio are admissible for non-hearsay purposes as evidence relevant to Curcio's state of mind, and Curcio's response to Greaney is admissible pursuant to Rule 801(d)(2) as the statement of a party opponent that is offered against them.

does not have a parallel ability to offer his own statement into evidence. When the defendant seeks to introduce his own prior statement for the truth of the matter asserted, it is hearsay, and it is not admissible.").

*Second*, Curcio claims, remarkably, that his proposed exhibit "can be admitted for its effect on its eventual recipient—PSA." This merits little discussion. PSA is not a monolithic entity; indeed, the sole PSA witness testifying at trial, Jackie Curiel, never received any part of the 15-page, thrice-forwarded email chain and has no personal knowledge of its contents. More fundamentally, PSA is not on trial and it is axiomatic that its state of mind is not at issue.

*Third*, Curcio asserts that his proposed 15-page, thrice forwarded email chain is admissible under Federal Rule of Evidence 106, the "rule of completeness." Not so. Again, pursuant to Rule 801(d)(2)(A) of the Federal Rules of Evidence, a defendant's out-of-court statement is not hearsay when offered by the Government. Fed. R. Evid. 801(d)(2)(A) ("A statement is not hearsay if . . . [it] is offered against a party and is the party's own statement."); *see also*, *e.g.*, *United States v. Marin*, 669 F.2d 73, 84 (2d Cir. 1982) ("[U]nder Rule 801(d)(2)(A)," a defendant's statement offered by the Government "is not hearsay, because it is simply a statement of the opposing party."). The defendant, however, does not have a parallel ability to offer his own statement into evidence. "When the defendant seeks to introduce his own prior statement for the truth of the matter asserted, it is hearsay, and it is not admissible." *Marin*, 669 F.2d at 84; *see also United States v. Yousef*, 327 F.3d 56, 153 (2d Cir. 2003) (holding that defendant "could have testified to everything asserted in his statement, [but] he could not offer the document itself for the truth of the matter asserted"). The Government is under no obligation to offer all portions of a statement when it offers inculpatory admissions. *See United States v. Branch*, 91 F.3d 699, 728 (5th Cir. 1996) (finding that a "self-serving [exculpatory] statement that does not contradict, explain, or qualify the rest of the statement" did not need to be offered by Government under rule of completeness when Government offered inculpatory statements); *United States v. Smith*, 794 F.2d 1333, 1335-36 (8th Cir. 1986) (holding that district court did not err in precluding cross-examination on portions of post-arrest statement describing relationship to co-defendant and implicating co-defendant when Government offered admission that defendant had been present at the time of co-defendant's arrest).

Notwithstanding the hearsay bar, a defendant may in some circumstances invoke the "rule of completeness" to require the introduction of additional portions of his own out-of-court statement when the Government offers excerpts of it. *See* Fed. R. Evid. 106. "Under this principle, even though a statement may be hearsay, an 'omitted portion of [the] statement must be placed in evidence if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" *United States v. Johnson*, 507 F.3d 793, 796 (2d Cir. 2007) (quoting *United States v. Castro*, 813 F.2d 571, 575-76 (2d Cir. 1987)); *see also United States v. Jackson*, 180 F.3d 55, 73 (2d Cir. 1999) (same). The rule of completeness, however, provides a narrow exception to the standard hearsay bar.

Indeed, "'[t]he completeness doctrine does not . . . require the admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages.'" *Johnson*, 507

F.3d at 796 (quoting *Jackson*, 180 F.3d at 73). This rule is strictly applied, leading the Second Circuit to hold, for example, that a defendant could not introduce a portion of his confession relating "to the execution of a robbery," where the portion introduced by the Government concerned only "plans to execute the robbery." *Johnson*, 507 F.3d at 796; *United Stats v. Lumiere*, 16 Cr. 483 (JSR) (Jan. 6. 2017), Dkt. No. 62 at 6 (describing the rule of completeness as a "narrowly drawn rule" and granting Government motion to preclude prior defendant out-of-court statements). Ultimately, the burden rests with the defendant to demonstrate that the portions of the statement he seeks to offer are necessary to clarify or explain the portions the Government intends to offer. *United States v. Glover*, 101 F.3d 1183, 1190 (7th Cir. 1996) ("[T]he proponent of the additional evidence sought to be admitted must demonstrate its relevance to the issues in the case, and must show that it clarifies or explains the portion offered by the opponent.").

Put another way, a defendant is not entitled to introduce the exculpatory portions of an interview in order to "complete" the story simply because the Government offered an incriminating portion of the interview. *See United Sates v. Terry*, 702 F.2d 299, 314 (2d Cir. 1983) (Rule 106 "does not render admissible evidence that is otherwise inadmissible"); *United States v. Gonzalez*, 399 Fed. App'x 641, 646 (2d Cir. 2010) ("[T]he rule of completeness is not a mechanism to bypass hearsay rules for any self-serving testimony."); *Jackson*, 180 F.3d at 73 (affirming district court's ruling that Rule 106 did not justify admission of defendant's "own self-serving statements"); *United States v. Vallejos*, 742 F.3d 902, 905 (9th Cir. 2014) (court properly excluded redacted portions offered to show the jury the "flavor of the interview," to "humanize" the defendant, to prove his "character," and to convey to the jury the voluntariness of the statement); *United States v. Liera-Morales*, 759 F.3d 1105, 1111 (9th Cir. 2014) (agent testified about incriminating statements made by defendant in interview; court properly precluded defense from introducing exculpatory statements from the same interview); *United States v. Dorrell*, 758 F.2d 427, 435 (9th Cir. 1985) ("Removing [defendant's] explanation of the religious and political motivations for his actions did not change the meaning of the portions of his confession submitted to the jury. The redaction did not alter the fact that he admitted committing the acts with which he was charged."). In particular, defendants are not entitled to introduce statements that are merely "post-hoc explanations for prior conduct, which [do] not alter the meaning" of the admitted statements. *United States v. Lange*, 834 F.3d 58, 79 (2d Cir. 2016).

The defendant's proposed exhibit cannot satisfy the narrowly drawn rule of completeness. The excerpt the Government seeks to admit is a limited exchange between MySlabs representative Greaney and Curcio. The later emails Curcio seeks to admit contain messages with other parties—specifically, PSA representatives and an FBI special agent—and are not necessary in any way to complete the specific exchange between Greaney and Curcio that the Government seeks to admit. In short, nothing in the 15 pages of additional, sometimes thrice-forwarded emails is necessary to understand, clarify, or explain the self-contained, lower two emails in the chain currently marked as GX 4437. This is far from a situation where the rule of completeness might apply, such as where the Government proposed redactions to part of a sentence and defendant sought to introduce the redacted portions of the same sentence. Rather, here, the 2.5-page version of GX 4437 marked by the Government includes the full versions of both emails in the exchange between Greaney and Curcio. No additional emails are required to satisfy Rule 106.

*Fourth*, Curcio's May 14, 15, and 16 emails are not admissible under Federal Rule of Evidence 803(3). The Court is familiar with the legal framework from prior briefing and argument. Much of these emails plainly do not "face forward," but instead are Curcio's self-serving recounting of past events, including: May 14 email ("I spoke with Josh as mentioned, told him I would refund the money"); *id.* ("Remember all of it, being encouraged to buy it"); *id.* ("I have other cards, just not sure where to start, but looking at what was acquired during that time. Was 2019."); May 16 email ("I appreciated the way you handled this whole thing"); *id.* ("I've heard a few things about even those cc'ed in that group email."). These emails are further inadmissible because "[t]he [803(3)] state-of-mind exception does not permit the witness to relate any of the declarant's statements as to *why* he held the particular state of mind. . . ." *United States v. Emmert*, 829 F.2d 805, 810 (9th Cir. 1987) (quoting *United States v. Cohen*, 631 F.2d 1223, 1225 (5th Cir. 1980)) (emphasis added). Similarly, in *United States v. Mohamed Tahlil Mohamed and Abdi Yusuf Hassan*, No. 18 Cr. 603 (ARR) (E.D.N.Y. 2022), the defendant was charged with hostage taking, terrorism, and firearms offenses in connection with the kidnapping in Somalia of an American journalist, who was held in captivity for an extended period by pirates. The defendant sought to admit his own out-of-court statements against piracy under Rule 803(3) "for the declarant's then-existing state of mind because they are offered to explain 'Mr. Hassan's intent and motive for speaking with or attempting to speak with pirates' and/or his 'own intent to combat the pirates.'" Dkt. 146 at 7. The Court ruled:

> [T]o adopt these arguments would be to "make an end-run" around the federal hearsay rules: to the extent these statements shed light on what Mr. Hassan intended to do with regard to the pirates who kidnapped Mr. Moore, they do so only if they are offered for the truth of what was asserted—*i.e.*, that Mr. Hassan, as a general matter, spoke out against the pirates and was opposed to them. Mr. Hassan's general statements on and positions against piracy are too broad to be considered "state of mind" and are not statements of intent relevant to this case.

*Id.* at 7-8. So too here, where Curcio's vague statements in the emails at issue, which amount to generalized grievances regarding PSA and card grading, are likewise too broad to be considered state of mind.

As the Court is well aware, to the extent the Second Circuit has permitted the admission of the defendant's hearsay statements under Rule 803(3) to include the defendant's explanation for an intent held concurrently with the specific conduct at issue, it has been limited. *United States v. Lea*, 131 F. App'x 320, 321-22 (2d Cir. 2005) (holding a short, one-sentence statement, explaining an intent to take a certain immediate action because of a debt owed contemporaneously at the time of the statement and action was permissible under Rule 803(3)). The 15-page email chain Curcio seeks to admit "in full" is far afield from the limited 803(3) evidence admitted in prior cases. Moreover, permitting Curcio's lengthy, self-interested, hearsay description of events, which are not subject to cross-examination, and are unreliable and inadmissible under Rule 803(3), would also be unduly prejudicial under Rule 403. (*See* Jan. 16, 2026 Tr. 743 ("That said, I want to be very sensitive not to allow too much of this evidence as it may be cumulative or confuse the jury.")).

In the alternative, the Court should redact the entirety of defendant's proposed exhibit except for any narrowly selected, admissible, forward-looking portions. For example, the Court may permit the introduction of one particular statement that arguably falls within 803(3)'s forward-looking, state-of-mind exception: Curcio's statement that "I will absolutely turn this into a one hour special on card grading, and PSA doesn't want that because that hurts them, well there lack of security measures, hurts me and my family so this is my stance." Curcio has not established, however, that the other statements he seeks to admit are relevant and admissible under Rules 401, 403, and 803(3). If the Court admits any evidence under Rule 803(3) over the Government's objection, the Government respectfully requests that the Court re-read the dual intent limiting instruction

*Fifth*, and finally, Curcio's May 14 and 16 emails are not admissible as excited utterances under Federal Rule of Evidence 803(2). Rule 803(2) provides that a declarant's out-of-court statements "relating to a startling event or condition made while the declarant was under the stress of excitement" caused by the event or condition are not excluded by the rule against hearsay. Fed. R. Evid. 803(2); *see also United States v. Spencer*, No. 22-1464, 2023 WL 5091827, at *2 (2d Cir. Aug. 9, 2023). The exception exists on the theory that "the excitement of the event limits the declarant's capacity to fabricate a statement and thereby offers some guarantee of its reliability." *Spencer*, 2023 WL 5091827, at *2. To qualify as an excited utterance, the proponent of an out-of-court statement must establish first, that a startling event occurred; second, that the declarant made the statement while under the stress of the excitement caused by the startling event; and third, that the declarant's statement relates to the startling event. *United States v. Brown*, 254 F.3d 454, 458 (2d Cir. 2001). For example, a law enforcement officer's recording device, which captures the excited utterances and startling events, may contain the principal indicators of excited utterances and be properly admitted at trial. *See Spencer*, 2023 WL 5091827, at *2 (relying, in large part, on witness's body language in officer's body-worn camera to conclude that the witness remained under the stress of the event); *United States v. Obayagbona*, 627 F. Supp. 329, 339 (E.D.N.Y. 1985) ("Listening to the tape, the court determined that there were valid psychological guarantees against fabrication. It is not likely that the witness was deliberately fabricating evidence. He was too excited to do so."); *cf. United States v. Vazquez*, 818 F. App'x 93, 96 (2d Cir. 2020) (holding that 911 recording was admissible as excited utterance, in part, because it captured the declarant's "whisper[ing], cr[ying], and plead[ing]").

Curcio's May 14 and 16 emails do not qualify as excited utterances. In the by-that-point four- and six-day series of communications between Greaney and Curcio that commenced on May 10, 2022, Curcio's May 14 email was sent 24 hours after his prior email and Curcio's May 16 email was sent approximately 41 hours after his prior email. Nothing in these emails warrants a determination by the Court that there are "valid psychological guarantees against fabrication." *Obayagbona*, 627 F. Supp. at 339. If anything, the contents of the emails suggest to the contrary. *See, e.g.*, May 14 email (Curcio claiming falsely that he "planned to send the card off to psa" when he never did so); *id.* (Curcio, who has Court-appointed CJA counsel, boasting "I'm sitting on roughly a million dollars in sports cards"); May 16 email (threatening "We all have people who know people" and "I can be reckless").

Accordingly, Curcio's self-serving statements are classic hearsay not subject to any exception under the rules of evidence and his proffered grounds for admission all lack merit. Put simply, if lengthy, later-in-time email chain evidence such as that proposed by the defendant all comes into evidence, the longstanding bar prohibiting defendants from introducing their unreliable, prior out-of-court statements would cease to exist and Curcio would have accomplished a complete end run around the Federal Rules of Evidence.

Respectfully submitted,

JAY CLAYTON
United States Attorney

by:   /s/
David R. Felton
Kingdar Prussien
Cecilia Vogel
Assistant United States Attorneys
(212) 637-2299/-2223/-1084

cc:   All counsel of record (by ECF)