UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ANTHONY CURCIO,<br><br>Defendant. | 24-CR-312 (RA)<br><br>ORDER |

RONNIE ABRAMS, United States District Judge:

The Court has received an *ex parte* letter from Defendant Anthony Curcio raising the concern that his attorneys suffer from a conflict of interest due to Simpson Thacher & Bartlett LLP's prior representation of another client. The Court will share this letter with Curcio's existing counsel. Unless the Court receives an objection by May 11, 2026, it intends to docket this letter publicly.

A criminal defendant has a Sixth Amendment right to be represented by an attorney who is free from conflicts of interest. *See Wood v. Georgia*, 450 U.S. 261, 271 (1981). The Second Circuit has made clear that when confronted with "even the possibility of a conflict of interest," the Court has a duty to "investigate the facts and details of the attorneys' interests to determine whether the attorney in fact suffers from an actual conflict, a potential conflict, or no genuine conflict at all." *United States v. Levy*, 25 F.3d 146, 153 (2d Cir. 1994); *see Wheat v. United States*, 486 U.S. 153, 161 (1988) ("The trial courts, when alerted by objection from one of the parties, have an independent duty to ensure that criminal defendants receive a trial that is fair and does not contravene the Sixth Amendment."). "In satisfying its inquiry obligation, the district court may rely on the representations of counsel as to his interest in the case and how any potential conflict

might be cured." *United States v. Cain*, 671 F.3d 271, 273 (2d Cir. 2012). Curcio's existing counsel shall respond to his letter by May 15, 2026.

SO ORDERED.

Dated:    May 5, 2026
          New York, New York

_____
Ronnie Abrams
United States District Judge

2