UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

United States of America, Plaintiff,

v.

Anthony Curcio, Defendant.

Case No. 24 Cr. 312 (RA)

# OPPOSITION TO GOVERNMENT'S MOTION TO FORFEIT BOND

Emily Curcio
[redacted]

Documents Submitted:

1. Opposition to Government's Motion to Forfeit Bond
2. Declaration of Emily Curcio
3. [Proposed] Order Denying Government's Motion to Forfeit Bond
4. Certificate of Service

Signature:

______________________________
Emily Curcio

Dated: September 23, 2026

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

United States of America, Plaintiff,

v.

Anthony Curcio, Defendant.

Case No. 24 Cr. 312 (RA)

# OPPOSITION TO GOVERNMENT'S MOTION TO FORFEIT BOND

Emily Curcio, a surety on the Defendant's June 2024 appearance bond, respectfully submits this Opposition to the Government's Motion to Forfeit Bond. For the reasons set forth below, the Government's motion should be denied pursuant to Fed. R. Crim. P. 46(f)(2)-(4).

## I. INTRODUCTION

The Government seeks forfeiture of a $100,000 bond based solely on the fact that Surety Emily Curcio signed the original pretrial surety agreement in June 2024. The Government's motion does not allege that Surety Emily Curcio:

- received notice of continued release conditions after conviction,
- reaffirmed or re-executed any bond obligations,
- had any ability to supervise the Defendant,
- had any contact with the Defendant after divorce, or
- contributed in any way to the Defendant's failure to appear.

Because none of these essential factors are present, and because enforcement of forfeiture would be inequitable and unjust, the Government's motion should be denied.

## II. FACTUAL BACKGROUND

1. Surety co-signed the Defendant's pretrial appearance bond in June 2024, while married to the Defendant.
2. Surety and Defendant divorced in October 2024.
3. After the divorce, Surety had limited contact, limited communication, and no ability to supervise the Defendant.
4. Surety was never notified that the Defendant's pretrial release conditions would continue after his January 2026 conviction.
5. Surety was not asked to sign any new bond documents, reaffirm obligations, or acknowledge continued surety status.
6. Surety received no notice of any hearings, appearances, or obligations required of the Defendant after conviction.
7. Surety first learned of any alleged non-appearance when the Government emailed her on September 22, 2026.
8. Surety is a single mother and enforcement of forfeiture would impose severe financial hardship.

These facts are set forth in Surety Emily Curcio's Declaration, filed concurrently.

## III. LEGAL STANDARD

Under Fed. R. Crim. P. 46(f):

- (f)(2) – The court may set aside forfeiture "if it appears that justice does not require enforcement."
- (f)(4) – The court may remit forfeiture after considering the surety's role, notice, ability to supervise, and equitable circumstances.

Federal courts consistently hold that forfeiture is inappropriate where:

- the surety lacked notice,
- the surety had no ability to supervise,
- the bond should have been exonerated at conviction,
- the surety acted in good faith, and
- enforcement would be unjust.

IV. ARGUMENT

A. Surety had no notice of continued release conditions after conviction

   a. The Government does not allege (because it cannot) that Surety was notified that the Defendant's pretrial release conditions continued after his conviction.

   b. Federal courts routinely deny forfeiture where the surety was not informed of continued obligations.

B. Surety had no ability to supervise the Defendant

   a. After the October 2024 divorce, Surety had:

      - limited contact,
      - limited communication,
      - no shared residence,
      - no knowledge of his whereabouts, and
      - no ability to ensure compliance.

   b. Courts recognize that forfeiture is inequitable when a surety cannot control the defendant's conduct.

C. The bond should have been exonerated at conviction

a. It is common practice for appearance bonds to be exonerated upon conviction unless the court expressly continues them.

b. Surety reasonably believed the bond had terminated.

D. Surety did not contribute to the Defendant's failure to appear

a. The Government does not allege any conduct by Surety that contributed to the non-appearance.

E. Enforcement would impose severe hardship

a. Surety is a single mother with no involvement in the Defendant's conduct. Forfeiture would be punitive and unjust.

F. Justice does not require enforcement

a. Under Rule 46(f)(2), forfeiture should be denied where equitable factors weigh against it, as they overwhelmingly do here.

V. CONCLUSION

For the foregoing reasons, Surety respectfully requests that the Court:

1. DENY the Government's Motion to Forfeit Bond as to Surety Emily Curcio;
2. Grant any further relief the Court deems just and proper.

Respectfully submitted,

______________________________

Emily Curcio
[redacted]

Dated: September 23, 2026

DECLARATION OF EMILY CURCIO

I, Emily Curcio, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct to the best of my knowledge:

1. I co-signed a $100,000 appearance bond for Defendant in June 2024, during the pretrial phase of his federal criminal case. At that time, I was married to the Defendant.
2. I divorced the Defendant in October 2024. After the divorce, we did not live together, had very limited communication, and I had no ability to supervise him or ensure compliance with any release conditions.
3. I was never notified by the Court, Pretrial Services, the U.S. Attorney's Office, or defense counsel that the Defendant's pretrial release conditions would continue after his conviction in January 2026.
4. I was not asked to sign any new bond documents, reaffirm my obligations, or acknowledge continued surety status.
5. Based on my understanding of federal criminal procedure, I reasonably believed the bond would be exonerated at conviction, as is common when a defendant is found guilty and the case moves into the sentencing phase.
6. I did not receive any notice of upcoming hearings, obligations, or appearances required of the Defendant after his conviction. I was not informed of any risk of forfeiture or default.
7. Because of the divorce and complete separation from the Defendant, I had no ability to monitor his whereabouts, behavior, or compliance with court orders. I could not prevent or influence his failure to appear.
8. On September 22, 2026, I received an email stating that a default judgment had been entered against the Defendant and the sureties, including myself. This was the first notice I received of any alleged non-appearance or forfeiture.
9. Enforcement of the forfeiture would impose severe financial hardship on me. I am a single mother and had no involvement in or control over the Defendant's conduct leading to the forfeiture.
10. I have acted in good faith at all times, and I respectfully request that the Court set aside or remit the forfeiture as to me under Fed. R. Crim. P. 46(f)(2)-(4), because justice does not require enforcement of the bond under these circumstances.
11. I declare under penalty of perjury that the foregoing is true and correct.

Executed on: September 23, 2026

______________________________

Emily Curcio

[redacted]

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

United States of America, Plaintiff,

v.

Anthony Curcio, Defendant.

Case No. 24 Cr. 312 (RA)

[PROPOSED] ORDER DENYING GOVERNMENT'S MOTION TO FORFEIT BOND

Before the Court is Surety Emily Curcio's Motion to Set Aside Bond Forfeiture and Default Judgment, filed pursuant to Fed. R. Crim. P. 46(f)(2)-(4). Having reviewed the motion, supporting declaration, the record in this matter, and the applicable law, the Court finds that justice does not require enforcement of the forfeiture as to Surety Emily Curcio

Accordingly, IT IS HEREBY ORDERED:

1. The Government's Motion to Forfeit Bond is DENIED as to Surety Emily Curcio.
2. This Order does not alter or affect the Court's rulings as to any other party unless expressly stated.

IT IS SO ORDERED.

Executed on: ________________________

___________________________________

Hon. Ronnie Abrams
United States District Judge

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

United States of America, Plaintiff,

v.

Anthony Curcio, Defendant.

Case No. 24 Cr. 312 (RA)

CERTIFICATE OF SERVICE

I, Emily Curcio, certify that on September 23, 2026, I served a true and correct copy of the following documents:

- Opposition to Government's Motion to Forfeit Bond
- Declaration of Emily Curcio
- [Proposed] Order Denying Government's Motion to Forfeit Bond
- Certificate of Service

on the following party:

Assistant United States Attorney
Southern District of New York
26 Federal Plaza
New York, NY 10278

Service was made by U.S. Mail.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: September 23, 2026

______________________________
Emily Curcio
[redacted]